ROBERT A. CHAISSON, Judge.
12This is an appeal by Scott Sigur, Sr. of a community property partition judgment between him and his ex-wife, Talia Sigur. For the following reasons, the judgment is affirmed in part, vacated in part, and remanded.
*77 FACTS AND PROCEDURAL HISTORY
After a community property partition trial, the trial court rendered judgment establishing the values of all items of community property and assigning those items to each of the respective parties. The judgment further ordered that Mr. Sigur pay to Mrs. Sigur an equalizing payment of $755.14. Included in the calculation of the equalizing payment was Mr. Sigur’s retirement plan, which at the time of trial had a current value of $18,313.50. The trial court assigned this asset to Mr. Sigur and gave Mrs. Sigur a credit of $9,156.75, representing one-half of the then current value of the retirement plan. The judgment also contained a notation stating “20,000 From Mike Sigur: Gift.”
IsSubsequent to the rendition of the judgment, Mrs. Sigur filed a motion to amend the judgment.[1] The trial court then rendered an amended judgment changing the equalizing payment due by Mr. Sigur to $12,343.40, and ordering that the equalizing payment be made within 30 days.
Mr. Sigur now appeals both judgments and urges three assignments of error. He first contends that the second judgment is an absolute nullity, pursuant to La. C.C.P. art. 1951, because it makes substantive changes to the original judgment that are not allowed except upon a motion for new trial, after notice and a hearing. Second, he contends that the credit of $9,156.75 given to Mrs. Sigur for one-half of the current value of the retirement plan is improper because it does not account for taxes. Third, he argues that it was manifest error to find that the $20,000 advanced by his father for repairs to the community house was a gift rather than a loan, and alternatively, if it was a gift, then it was a gift made to him only, and therefore should have been treated as his separate property.
DISCUSSION
We first address the question of the $20,000 provided by Mr. Sigur’s father for repairs to the family home. Mr. Sigur contends that the trial judge was manifestly erroneous in deciding that these funds were a gift to the community, rather than either a loan to the community that the community must repay, or alternatively, a gift only to Scott Sigur, for which separate property he is entitled to be reimbursed by the community. Where the manifest error standard of review is applicable, the inquiry is not whether the appellate court, had it been sitting as the trier of fact, would have made different findings; it is rather whether the findings |4made by the trier of fact have a reasonable basis on the record as a whole. Stobart v. State through Dept. Transp. And Development, 617 So.2d 880 (La.1993).
The funds at issue were allegedly provided by Mr. Sigur’s father for repairs and remodeling of a house which the couple bought soon after their marriage, and which admittedly was community property. Mr. Sigur attempted to prove that this money was a loan to him and his wife, and therefore that this loan was a community debt that must be repaid to Mike Sigur. There was testimony by Mr. Sigur and his father that they intended the money to be a loan to the couple and that this was discussed with Mrs. Sigur. Mrs. Sigur denied that any such discussion had ever taken place and that in the eleven subsequent years of the marriage she had never *78 been told by either her husband or his father that the money was a loan. Mrs. Sigur’s parents testified that when the house was bought it was in need of repairs, and they agreed to do the labor if Mr. Sigur’s father would pay for the materials. There was other testimony by Mike Sigur that the alleged loan would be paid back at $100 per month if the couple had the funds, but that no payments were ever made over the decade since the alleged loan was made. It was also shown that during the marriage, Scott Sigur had sold a business for $130,000, and that he and Talia Sigur had installed a $12,000 pool at their home and purchased a $10,000 television, all without making any payments on the alleged loan.
In her judgment, the trial judge found that the $20,000 provided by Mike Sigur was a gift rather than a loan. This finding was based upon credibility determinations, and a weighing of the evidence and testimony. We find it to be reasonable on the evidence presented and therefore, not manifestly erroneous.
Alternatively, Mr. Sigur argues that if the money provided by Mike Sigur was a gift, then it was a gift to him only and that he is entitled to be reimbursed his | .^separate property by the community. Further, Mr. Sigur appears to argue that the trial court actually found that the $20,000 provided by Mike Sigur was a gift to Scott Sigur only, but that she committed legal error by not ordering the community to reimburse him for his separate property used to benefit the community. Mr. Sigur bases this argument on the following sentence contained in the original judgment: “This non-payment is something the Court also considers when determining that the $20,000 from Mike to Scott was a gift.” We disagree that the phrase “from Mike to Scott” indicates that the trial court found the $20,000 to be a gift to Scott Sigur only. We first note that this sentence appears in a portion of the judgment in which the trial court provides her reasons for finding that the $20,000 provided by Mike Sigur was a gift and not a loan. In the dispositive portion of the judgment in which she calculates the equalizing payment, the judgment simply states “20,000 From Mike Sigur: Gift” and does not clarify whether the gift was to the community or to Scott Sigur only. However, nowhere in the judgment is the $20,000 listed as a debt of the community or as being Scott Sigur’s separate property, and the judgment does not order the community to reimburse this sum to Scott Sigur. We therefore find that the trial court necessarily found it to be a gift to the community for which no reimbursement is owed. Furthermore, for the following reasons, we find this to be a reasonable finding on the evidence presented.
In support of Mr. Sigur’s argument for classification of the $20,000 as a loan, Mike Sigur testified that he provided the money to the young couple in order to help them out with their new home. Scott Sigur’s argument regarding the $20,000 was always that it was a loan to the community in the form of improvements made to the community home. Once the trial court made an adverse ruling to Mr. Sigur that the $20,000 was not a loan, it would be unreasonable to fallow Mr. Sigur to then allege that the $20,000 was put into the community home for his benefit only. In fact, this would directly contradict Mike Sigur’s testimony that the money was provided to the young couple in order to help them out. Furthermore, property in the possession of a spouse is presumed to be community property, although this presumption may be rebutted by proof that it is not such. La. C.C. art. 2340. There was no evidence to suggest that Mike Si-gur intended the $20,000 to be a gift only *79 to his son, and therefore the presumption that the funds became community property when incorporated into the community home was not rebutted. The trial court’s finding that the $20,000 provided by Mike Sigur was a gift to the community, implicit in the judgment, is a reasonable one and not manifestly erroneous, and we therefore affirm it.
The second alleged error concerns the inclusion of Mr. Sigur’s retirement account in the calculation of the equalizing payment, rather than a division in-kind of this account one-half to each party.[2] The assertion here is that although the total pre-distribution value of the account was $18,313.50 at the termination of the community, thus making the pre-distribution value of Mrs. Sigur’s one-half share $9,156.75, if this account is to be included in the calculation of the equalizing payment, then these amounts should be reduced to account for taxes. Otherwise, Mrs. Sigur will receive the full pre-distri-bution, pre-tax value of her one-half share of the account, and the tax burden on her share of the account will be shifted to Mr. Sigur to his detriment, resulting in an unfair advantage to Mrs. Sigur.
In Hannan v. Hannan, 99-842 (La.App. 1 Cir. 5/12/00), 761 So.2d 700, a similar situation was presented. There the lower court had awarded one-half of the wife’s retirement plan to the husband, with the further proviso that the wife would |7be liable for any taxes and/or penalties due to early withdrawal of the funds. The appellate court set aside this provision on grounds that community assets must be divided equally as per La. R.S. 9:2801. We agree with this holding. In the case before us, inclusion of the retirement account, at pre-tax values, in the calculation of the equalizing payment results in an inequitable division of this asset. Since no evidence was submitted by either party from which the trial court could determine the tax burden on these funds, the trial court should have excluded this asset from the equalizing calculation and divided it in-kind between the parties pursuant to the Sims formula. See Sims v. Sims, 358 So.2d 919 (La.1978).
We therefore vacate that portion of the judgment that assigned Mr. Sigur’s retirement account to him and gave Mrs. Sigur a credit for one-half of the current, pre-tax value of the account in the equalizing calculation. Since division of the retirement account pursuant to the Sims formula may be dependent upon factors that are not in the appellate record, it is necessary that we remand the matter to the district court with instructions to exclude the retirement account from the calculation of the equalizing payment, divide the retirement account in-kind between the parties pursuant to the Sims formula, and then recalculate the equalizing payment after exclusion of the retirement account from the equation.[3] Since we are ordering a recalculation of the equalizing payment, we likewise vacate that portion of the judgment that ordered the equalizing payment to be made within 30 days, and remand to the district court with instructions to reconsider this issue *80 once recalculation of the amount of the equalizing payment has been made.
As to the first assignment of error regarding the nullity of the amended judgment, we first note that the valuation and distribution schedules of all assets | sand liabilities of community property are exactly the same in both judgments. The only changes between the original judgment and the amended judgment were the amount of the equalizing payment and the provision that it be paid within 30 days. Since we are ordering a recalculation of the equalizing payment, and setting aside the provision for payment within 30 days, and since the two judgments are otherwise identical in all other respects, Mr. Sigur’s first assignment of error is moot and it is not necessary that we address the merits of his argument.
CONCLUSION
For the foregoing reasons, we vacate that portion of the judgment that assigned Mr. Sigur’s retirement account to him and gave Mrs. Sigur a credit for one-half of the current, pre-tax value of the account in the equalizing calculation. We likewise vacate that portion of the judgment that ordered Mr. Sigur to make the equalizing payment to Mrs. Sigur within 30 days. In all other respects, we affirm the judgment and remand the matter to the district court with instructions to exclude the retirement account from the calculation of the equalizing payment, divide the retirement account in-kind between the parties pursuant to the Sims formula, recalculate the equalizing payment after exclusion of the retirement account from the equation, and, finally, to reconsider the issue of the time frame for payment of any recalculated equalizing payment due, if any.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED.

JOHNSON, J., Dissents, In Part, With Reasons.

. The motion to amend judgment was not made part of the appellate record, but the parties do not dispute that it was filed by Mrs. Sigur and that an amended judgment was rendered without notice to Mr. Sigur or a hearing on the motion.

. The parties do not dispute that at the time of the dissolution of the community, Mr. Si-gur’s entire retirement account was community property and that each party had a one-half interest in that account. We note, however, that depending upon factors such as Mr. Sigur’s continued employment after termination of the community, the parties’ proportional interests in this account may have changed.

. As pointed out by Justice Tate in Sims, nothing prevents the parties from agreeing between themselves upon a proper current valuation of the retirement account for purposes of achieving a conventional partition at this time.